SUCCESSION OF RODRÍGUEZ ET AL., PLAINTIFFS AND RESPONDENTS, *v.* ALFARO, MUNICIPAL JUDGE, RESPONDENT, AND WANTZELIUS, OLIVER & CO., INTERVENORS AND APPELLANTS.

APPEAL from the District Court of Ponce in *Certiorari* Proceedings.

No. 1162.—Decided March 25, 1915.

CERTIORARI—COMPLAINT—JUDGMENT—JURISDICTION.—The writ of *certiorari* is not the proper proceeding for determining whether a complaint is sufficient to support a judgment for the plaintiff and for setting aside said judgment on the ground that it is not, unless a question of jurisdiction should be involved.

ID.—APPEAL.—The writ of *certiorari* is an extraordinary remedy which cannot be availed of when the error can be corrected by appeal, unless the circumstances should be such that to follow the ordinary remedy would result in a complete or partial failure of justice.

ID.—ID.—COMPLAINT.—The sufficiency or insufficiency of the complaint to support a judgment for the plaintiff is a question reviewable by appeal and not by *certiorari*.

The facts are stated in the opinion.

*Messrs. Manuel A. Rivera* and *Rafael R. Rivera Zayas* for the appellant-intervenors.

The respondents did not appear.

MR. JUSTICE ALDREY delivered the opinion of the court.

Several actions by different persons against the Succession of Gumersindo Rodríguez were pending in the Municipal Court of Coamo and during the proceedings for the execution of the judgments rendered therein Ramón Rodríguez Camacho, one of the defendants as a member of the

said succession, applied to the District Court of Ponce for a writ of *certiorari* to the Municipal Judge of Coamo, requiring him to order a stay of the execution proceedings and send up the records of the said cases to be reviewed for the purpose of setting aside the judgments and proceedings had therein from the time the complaints were served upon the petitioner. The petition was granted, the writ issued, the records of the cases were ordered to be sent up and the execution sales advertised for the satisfaction of the judgments, were suspended.

At the hearing on the writ in the District Court of Ponce the court allowed the plaintiffs in the suits to intervene, and the present appeal was taken by them from the judgment of the court which set aside the judgments of the Municipal Court of Coamo and all the proceedings since default was entered. Only the appellant-intervenors appeared at the hearing on this appeal.

The application for the writ of *certiorari* was based substantially on the ground that the petitioner, being over twenty and under twenty-one years of age, was not provided with a guardian *ad litem* and that the complaint was defective and, in the opinion of his attorney, did not state facts sufficient to constitute a cause of action.

It does not appear from the original complaints filed in the Municipal Court of Coamo that Ramón Rodríguez Camacho is under age, and although in a motion to set aside the judgments he alleged that he was not of age and offered a baptismal certificate as proof thereof, in rebuttal of which the plaintiffs introduced a notarial deed executed by Ramón Rodríguez Camacho in which he stated that he was of age, both the municipal court and later the district court, when it ruled on the *certiorari* proceedings, found that he had not proved that he was under age, and as said finding is not involved in this appeal we will disregard the question.

The real ground on which the appellants base their appeal is that the District Court of Ponce erred in setting aside

the judgments rendered in the actions for the reason that the complaints did not state facts sufficient to constitute causes of action.   This was the only reason the court a quo had for rendering the judgment appealed from.

Is the writ of certiorari the proper proceeding for determining whether a complaint is sufficient to support a judgment for the plaintiff and for setting aside said judgment on the ground that it is not?   Such is the fundamental question involved in this case.

Certiorari proceedings have been the subject of many decisions of this court and it has been held repeatedly that the said writ is an extraordinary remedy which cannot be availed of when the error can be corrected by appeal, unless the circumstances should be such that to follow the ordinary remedy would result in a complete or partial failure of justice.

As to the question raised in this appeal, in the case of Arribas v. The District Court, 9 P. R. R., 436, it was expressly held that the sufficiency or insufficiency of a complaint to support a judgment for the plaintiff is a question reviewable by appeal and not by certiorari; and this doctrine is also tacitly laid down in the cases of Axtmayer v. Aldrey, 14 P. R. R., 623; Mora v. Foote, 16 P. R. R., 18; Hernández v. The District Court, 17 P. R. R., 498, and López v. Córdova Dávila, 18 P. R. R., 1.

The only authority upon which the lower court relied for entering into a consideration of the sufficiency of the complaint was the doctrine laid down in 6 Encyclopedia of Pleading and Practice, 45, which is not applicable to the present case because it states that when the complaint does not contain all the allegations necessary to constitute a cause of action a judgment by default is reviewable on appeal and not by a writ of certiorari.

Therefore, according to law and to the jurisprudence of this court, not only is the sufficiency of a complaint not reviewable by means of a writ of certiorari unless it should

involve· a question of jurisdiction, which it does not in the present case, but, moreover, the petitioner is barred from that extraordinary remedy because the judgments of the Municipal Court of Coamo were appealable to the District Court of Ponce.

. For the foregoing reasons the lower court erred in sustaining the petition for a writ of *certiorari* and in setting aside the judgments referred to therein and the judgment appealed from should be

*Reversed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.